SCHEB, Judge.
Appellants, owners of units in the Washington Towers Condominium, brought a class action seeking to force the removal of a building from the common area of their condominium. Appellants alleged in their complaint that the Washington Towers Declaration of Condominium prohibited the placement of the building upon their common area by appellee Sea Towers Owners’ Association. The trial court refused to order removal of the building and entered final judgment for appellee. We reverse.
Washington Towers is one of nine separate condominiums in the Sea Towers condominium complex. Sea Towers Owners’ Association (STOA) is the governing federation of the nine condominium associations. STOA acts through a council composed of the board of governors of each condominium association. STOA’s council with the concurrence of the Board of Governors of Washington Towers Association (WTA), voted to move an administration building from the center of the complex to the common area in front of Washington Towers.[1]
The Washington Towers Declaration of Condominium gives each unit owner an interest in the common area that adjoins the building. Thus, appellants argue, any actions which affect their common area must be approved in the manner provided by their declaration of condominium. Subsections C and D of Paragraph 21 of that declaration provide:
C. The said Association is and the same is hereby empowered to give, grant, convey and enter into agreements with another Condominium or Condominiums, creating walkways, streets, easements, license, rights-of-ways, sewer lines and lift stations, water mains and other utility conduits or easements over, on, upon and through that portion of the common elements of this Condominium which is without the building or buildings or any part thereof, situated upon the real property described in paragraph 1, hereof. That, as a condition thereto, and in consideration of such grants, conveyances or agreements, each such Condominium which is or shall become a party thereto shall assume as a common expense their pro-rata share of the cost and expenses of the maintenance thereof. That such cost and expense shall be an equal sum to each Condominium parcel contained in all of the Condominiums having an interest therein.
D. Except as set forth in sub-paragraph C above, all grants, conveyances, agreements or otherwise, entered into by virtue of paragraph 21 of the Declaration of Condominium, shall be approved by not less than the majority of the Board of Governors of the Association and written approval and ratification of 75% of the members entitled to vote. That the *30 agreements, conveyances, or otherwise, should contain a provision certified to by the Secretary of the Association that the same is ratified and approved by a majority of the Board of Governors of the Association. (Emphasis added.)
Appellants contend that under Subsection D STOA had to obtain approval of WTA’s Board of Governors and written ratification of 75% of WTA’s members to move the building onto the common area.
STOA admits that it did not obtain written approval of 75% of WTA’s members, but contends that such approval was unnecessary. STOA argues that the movement of the building onto the common area was accomplished pursuant to a “license” granted by WTA under Subsection C, which does not require written approval of WTA’s members.
Viewing the term “license” in context of its use, we hold that the exception of Subsection C is not broad enough to allow the placement of the building on the common area. This limited exception, though perhaps not artfully worded, was apparently meant to apply only to utility rights-of-way and means of ingress and egress. The necessity to facilitate such grants is obvious. Placement of the building on the common area, on the other hand, effectively deprives the residents of Washington Towers of the use of that area. From our study of the Washington Towers Declaration of Condominium we do not think that it was the intent to allow such utilization of the common area without the approval of 75% of WTA’s members.
We do not address the issue of whether appellants may be entitled to relief; rather, we reverse and remand this cause for further proceedings consistent with this opinion.
BOARDMAN, A. C. J., and OTT, J., concur.

. Appellants contend that this vote was irregular and therefore void. In light of our disposition of the cause on other grounds, it is unnecessary that we reach this point.